AO 257 (Rev. 6/78)

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☒ INFORMATION  ☐ INDICTMENT  ☐ SUPERSEDING

**OFFENSE CHARGED**

18 U.S.C. § 371- Conspiracy to Commit Wire Fraud
18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) - Criminal Forfeiture

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY:
Imprisonment: 5 years
Fine: $250,000
Supervised Release: 3 years
Special Assessment: $100

Name of District Court, and/or Judge/Magistrate Location
**NORTHERN DISTRICT OF CALIFORNIA**
OAKLAND DIVISION

**DEFENDANT - U.S.**
▶ ELAINE WISCHMANN

DISTRICT COURT NUMBER
**CR11-00755 SBA**

FILED
OCT 13 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)
FEDERAL BUREAU OF INVESTIGATION

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE
SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person
Furnishing Information on this form  MELINDA HAAG
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)  STEPHEN G. CORRIGAN  AUSA

**DEFENDANT**

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction  ☐ Federal  ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No
If "Yes" give date filed

DATE OF ARREST ▶ Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS  ☒ NO PROCESS*  ☐ WARRANT  Bail Amount: _____

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____  Before Judge: _____

Comments:

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☒ INFORMATION   ☐ INDICTMENT   ☐ SUPERSEDING

**OFFENSE CHARGED**

18 U.S.C. § 371 - Conspiracy to Commit Wire Fraud
18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) - Criminal Forfeiture

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY:
Imprisonment: 5 years
Fine: $250,000
Supervised Release: 3 years
Special Assessment: $100

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

FILED
OCT 13 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

**DEFENDANT - U.S**
▶ ARDESHIR FARBOD

**DISTRICT COURT NUMBER**
CR11-00755 SBA

---

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)

FEDERAL BUREAU OF INVESTIGATION

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
   ☐ U.S. ATTORNEY   ☐ DEFENSE
} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
} MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person
Furnishing Information on this form   MELINDA HAAG

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)   STEPHEN G. CORRIGAN AUSA

**DEFENDANT**

IS *NOT* IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY
4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges
} ☐ Federal ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?   ☐ Yes  ☐ No
} If "Yes" give date filed

DATE OF ARREST ▶   Month/Day/Year

Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶   Month/Day/Year

☐ This report amends AO 257 previously submitted

---

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS   ☒ NO PROCESS*   ☐ WARRANT   Bail Amount: _____

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:   Before Judge:

Comments:

AO 257 (Rev. 6/78)

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☒ INFORMATION   ☐ INDICTMENT   ☐ SUPERSEDING

**OFFENSE CHARGED**

18 U.S.C. § 371- Conspiracy to Commit Wire Fraud
18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) - Criminal Forfeiture

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY:
Imprisonment: 5 years
Fine: $250,000
Supervised Release: 3 years
Special Assessment: $100

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

**DEFENDANT - U.S**
▶ CHRISTOPHER WISCHMANN

DISTRICT COURT NUMBER
**CR11-00755**

FILED
OCT 13 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND
SBA

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)
FEDERAL BUREAU OF INVESTIGATION

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY   ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form   MELINDA HAAG
☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   STEPHEN G. CORRIGAN  AUSA

**DEFENDANT**

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction   ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No   If "Yes" give date filed

DATE OF ARREST ▶   Month/Day/Year

Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶   Month/Day/Year

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS   ☒ NO PROCESS*   ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:   Before Judge:

Comments:

AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT   ☒ INFORMATION   ☐ INDICTMENT   ☐ SUPERSEDING

─── OFFENSE CHARGED ───

18 U.S.C. § 371- Conspiracy to Commit Wire Fraud
18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) - Criminal Forfeiture

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY:
Imprisonment: 5 years
Fine: $250,000
Supervised Release: 3 years
Special Assessment: $100

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

─── DEFENDANT - U.S ───

▶ GAIL FARBOD

DISTRICT COURT NUMBER
**CR11-00755**

FILED
OCT 13 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND
SBA

─── PROCEEDING ───

Name of Complaintant Agency, or Person (& Title, if any)

FEDERAL BUREAU OF INVESTIGATION

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
   ☐ U.S. ATTORNEY   ☐ DEFENSE
}  SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
}  MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form   MELINDA HAAG

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   STEPHEN G. CORRIGAN  AUSA

─── DEFENDANT ───

IS *NOT* IN CUSTODY
   Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶_____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)
_____

IS IN CUSTODY
4) ☐ On this charge

5) ☐ On another conviction   } ☐ Federal   ☐ State

6) ☐ Awaiting trial on other charges
   If answer to (6) is "Yes", show name of institution
_____

Has detainer been filed?   ☐ Yes   ☐ No   } If "Yes" give date filed _____

DATE OF ARREST ▶   Month/Day/Year _____

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶   Month/Day/Year _____

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
   ☐ SUMMONS   ☒ NO PROCESS*   ☐ WARRANT       Bail Amount: _____

If Summons, complete following:
   ☐ Arraignment   ☐ Initial Appearance
Defendant Address:
_____

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____   Before Judge: _____

Comments:

MELINDA HAAG (CABN 132612)
United States Attorney



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ELAINE WISCHMANN,<br>ARDESHIR FARBOD,<br>CHRISTOPHER WISCHMANN, and<br>GAIL FARBOD,<br>    Defendants. | No. **CR11-00755** SBA<br><br>VIOLATIONS: 18 U.S.C. § 371 -<br>Conspiracy to Commit Wire Fraud; 18<br>U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) -<br>Criminal Forfeiture<br><br>(OAKLAND VENUE) |

## INFORMATION

The United States Attorney charges that:

COUNT ONE: (18 U.S.C. § 371 – Conspiracy to Commit Wire Fraud)

1. Beginning on a date unknown but no later than in or about June 2004 and continuing to on or about April 4, 2008, in the Northern District of California, and elsewhere, the defendants,

ELAINE WISCHMANN,
ARDESHIR FARBOD,
CHRISTOPHER WISCHMANN,
and
GAIL FARBOD,

did knowingly devise and intend to devise a scheme to defraud Kaiser Permanente, a non-profit healthcare provider headquartered in Oakland, California ("Kaiser"), of the honest services of its

INFORMATION

employee, ARDESHIR FARBOD, the Director of Program Management with Kaiser, and in furtherance of the scheme, did solicit and pay ARDESHIR FARBOD in return for his agreement to use his position to promote ELAINE WISCHMANN and an unindicted co-conspirator, referred to by the initials G.S., and their staffing business, MS9 Consulting, LLC ("MS9"), in contracting with Kaiser for the staffing of temporary information technology ("IT") employees, and in furtherance of the scheme, the defendants used wires in interstate commerce, in violation of Title 18, United States Code, Section 1343.

2. At all times relevant to this Information:

    a. CHRISTOPHER WISCHMANN and ELAINE WISCHMANN were married.

    b. ARDESHIR FARBOD and GAIL FARBOD were married.

    c. Between in or about 1999 and in or about 2002, ELAINE WISCHMANN and ARDESHIR FARBOD worked together at two companies, Caresoft and Telephia located in the Bay Area.

    d. Between in or about August 2003 and in or about 2008, G.S. and his wife were Chief Executive Officers of a company named AMSG, Inc ("AMSG").

    e. Between in or about January 2003 and in or about April 2008, ARDESHIR FARBOD held management positions at Kaiser's Oakland, California, headquarters.

    f. Between in or about 2002 and in or about 2007, G.S. was the President of Pebble Solutions and Services, Inc., ("Pebble Solutions") and the account holder of the Pebble Solutions' corporate account held at Wells Fargo Bank.

    g. Between on or about June 9, 2004 and on or about October 3, 2007, ELAINE WISCHMANN and G.S. were partners in MS9, a Santa Clara, California, company that provided IT services to San Francisco Bay Area businesses, including Kaiser.

    h. Between in or about January 2005 and in or about 2008, ELAINE WISCHMANN and CHRISTOPHER WISCHMANN owned a business named Market 5 LLC ("Market 5").

//

INFORMATION

## MEANS AND METHODS OF CONSPIRACY

3. The means and methods of the conspiracy were to be accomplished in substance as follows:

    a.    The defendants attempted to disguise and conceal from law enforcement and Kaiser management, payments by ELAINE WISCHMANN, CHRISTOPHER WISCHMANN, and G.S. to ARDESHIR FARBOD, by writing checks from MS9, Market 5, and Pebble Solutions bank accounts made payable to AMSG, and by writing checks from AMSG bank accounts made payable to Gail Eastabrooks, the maiden name of GAIL FARBOD, ARDESHIR FARBOD's wife, and to Lanikai Trust, a trust account held in the names of ARDESHIR FARBOD and GAIL FARBOD.

    b.    Checks written by the defendants were regularly cashed and deposited causing banks to transmit wires in interstate commerce.

## OVERT ACTS

4. In furtherance of the conspiracy, members of the conspiracy committed the following overt acts in the Northern District of California and elsewhere:

    a.    On a date unknown but no later than in or about June 2004, ELAINE WISCHMANN and G.S. discussed establishing an IT employee staffing business designed to provide temporary IT support to established businesses.

    b.    On a date unknown but no later than in or around June 2004, ELAINE WISCHMANN agreed with G.S. to ask ARDESHIR FARBOD to help their proposed IT staffing company (MS9) become an approved vendor for Kaiser in exchange for a percentage of the future profits derived from the company's business with Kaiser.

    c.    On a date unknown in 2004, ELAINE WISCHMANN met with ARDESHIR FARBOD and agreed that in exchange for 10% of the profits derived from future business with Kaiser, ARDESHIR FARBOD would use his position as a manager at Kaiser to assist the proposed IT staffing company (MS9) in obtaining contracts with Kaiser.

    d.    On or about June 1, 2004, ELAINE WISCHMANN, CHRISTOPHER WISCHMANN, and G.S. opened a business checking account at Wells Fargo Bank in the name

INFORMATION

of MS9, representing on the account application that each was a manager of MS9.

   e.   On or about June 9, 2004, ELAINE WISCHMANN and G.S. incorporated a business named MS9 Consulting, LLC.

   f.   In or about June 2004, ARDESHIR FARBOD took steps to assist MS9 become an approved vendor for Kaiser.

   g.   In or about July 2004, ELAINE WISCHMANN and G.S. contracted with Kaiser to provide temporary contract IT employee support.

   h.   On or about July 30, 2004, ELAINE WISCHMANN and G.S. submitted one of many billings to Kaiser for the staffing of temporary IT support.

   I.   In or about August 2004, ELAINE WISCHMANN and G.S., on behalf of MS9, received the first of many payments from Kaiser for staffing IT employee support with Kaiser.

   j.   On or about September 2, 2004, ELAINE WISCHMANN wrote a $4,024.30 check on MS9's Bank of America account made payable to AMSG.

   k.   On or about October 26, 2004, CHRISTOPHER WISCHMANN wrote a $3,128.79 check on MS9's Bank of America account made payable to AMSG.

   l.   On or about November 29, 2004, CHRISTOPHER WISCHMANN wrote a $8,232.33 check on MS9's Bank of America account made payable to AMSG.

   m.   On or about December 31, 2004, G.S. wrote a $2,872.54 check on AMSG's Wells Fargo Bank account made payable to "Gail Eastabrooks."

   n.   On or about January 10 2005, GAIL FARBOD endorsed the $2,872.54 check and deposited it into a Wells Fargo Bank account held jointly with ARDESHIR FARBOD.

   o.   On or about January 18, 2005, ELAINE WISCHMANN, CHRISTOPHER WISCHMANN, and G.S. opened a business checking account and a business savings account in the name of MS9 Consulting, LLC at Wells Fargo Bank.

   p.   On or about January 26, 2005, ELAINE WISCHMANN and CHRISTOPHER WISCHMANN established a company called Market 5 LLC, San Ramon, California.

INFORMATION

q.   On or about February 7, 2005, ELAINE WISCHMANN and CHRISTOPHER WISCHMANN opened a business checking account in the name of Market 5 at Wells Fargo Bank.

r.   On or about March 4, 2005, CHRISTOPHER WISCHMANN wrote a $8,288.76 check on MS9's Wells Fargo Bank account made payable to AMSG.

s.   On or about February 8, 2006, ELAINE WISCHMANN wrote a $12,852.74 check on MS9's Wells Fargo Bank account made payable to AMSG.

t.   On or about May 24, 2007, ELAINE WISCHMANN wrote a $10,554.63 check on the Market 5 Wells Fargo Bank account made payable to AMSG.

u.   On or about October 3, 2007, ELAINE WISCHMANN and G.S. sold MS9 to Ness Technologies.

v.   On or about October 16, 2007, CHRISTOPHER WISCHMANN withdrew $278,618 from Market 5's Wells Fargo Bank checking account and purchased a cashier's check in the same amount made payable to "2007 Lanikai Trust."

w.   On or about March 4, 2008, ELAINE WISCHMANN withdrew $95,438 from Market 5's Wells Fargo Bank checking account and purchased a cashier's check in the same amount made payable to "Lanikai Trust."

All in violation of Title 18, United States Code, Section 371.

FORFEITURE ALLEGATION: (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

5. The allegations contained in Paragraphs One through Four of this Information are realleged and by this reference fully incorporated herein for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

6. Upon a conviction of the offense alleged above, the defendants,

ELAINE WISCHMANN,
ARDESHIR FARBOD,
CHRISTOPHER WISCHMANN,
and
GAIL FARBOD,

shall forfeit to the United States all property, constituting and derived from proceeds traceable to

INFORMATION

a violation of 18 U.S.C. § 371 alleged above, including but not limited to the following property:

    a.    a sum of money equal to amount of proceeds obtained as a result of the offense;

    b.    any property, real or personal, traceable to said proceeds.

7. If any of said property, as a result of any act or omission of the defendant

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to or deposited with, a third person;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be subdivided without difficulty; any and all interest defendant has in other property shall be vested in the United States and forfeited to the United States pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c) and Rule 32.2 of the Federal Rules of Criminal Procedure.

DATED: October 13, 2011

MELINDA HAAG
United States Attorney

/s/ Maureen Bessette
MAUREEN BESSETTE
Chief, Oakland Criminal Division

Approved as to form:

/s/ Stephen G. Corrigan
STEPHEN G. CORRIGAN
Assistant United States Attorney

INFORMATION

6